Case number 15-5246, Darren Jones appellate versus United States Department of Justice et al. Mr. Jones for the appellate, Mr. Tate for the appellees. Case number 15-5246, Darren Jones appellate versus United States Department of Justice et al. Good morning. Good morning, and may it please the Court. Darren A. Jones, Esquire for Appellant Darren A. Jones. I would like to reserve two minutes of my time for rebuttal. There are two issues before this Court. Both should be found in favor of appellant, and the Court should reverse and remand on both issues. First, this Court should find that appellant exhausted his administrative remedies because appellant's mixed-case MSPB appeal was actively pending before the Board for 120 days in accordance with 7702E1B and this Court's Morris decision. And second, this Court should find that the District Court erred when it dismissed appellant's discriminatory removal claims on the basis of gender, age, and race. With respect to the first issue, this Court in Morris held that exhaustion is satisfied when a mixed-case MSPB appeal is actively pending before the Board for 120 days. Here, in appellant's case, it is undisputed that appellant's mixed-case MSPB appeal was actively pending before the Board for 120 days. In light of Morris alone, this Court should find that appellant exhausted his administrative remedies. Conversely, a ruling by this Court that appellant failed to exhaust his administrative remedies would be contrary to Morris. It is important to note that Morris was decided after briefing was completed on the party's motions for summary reversal and affirmance and just 10 days before this Court denied appellant's motion for summary reversal. Appellant argues that if Morris had been decided before briefing was completed on his motion for summary reversal, it is very likely that the Court would have granted summary reversal, at least on the first issue, finding that appellant did not fail to exhaust his administrative remedies. Appellant further notes that he argued Morris in his opening brief and that appellant intentionally failed to oppose or even consider Morris in his brief. Accordingly, appellant conceded that Morris controls and appellant's failure to exhaust argument fails. Furthermore, one month before appellant submitted his brief, the Federal Circuit decided Jones v. Department of Health and Human Services on exactly the same ripened-on-review issue that is before this Court. The Federal Circuit plainly and unambiguously held that a prematurely filed appeal from the MSPB under 7703B ripened-on-review. 7703B contains no ripening language, nor is there any regulation on 7703B permitting ripening. The Federal Circuit's analysis used recent Supreme Court decisions that found statutory time limits non-jurisdictional to support its holding that a prematurely filed appeal of an MSPB initial decision to the Federal Circuit ripened-on-review. And the circumstances here are exactly the same, where appellant's prematurely filed district court complaint plainly ripened-on-review in accordance with Jones. Even though Jones was decided one month before appellee submitted his brief, appellees failed to consider Jones in his brief. Appellee's failure to consider Jones is remarkable, considering that appellee specifically faulted appellant for not including a single appellate case on ripening, even though appellant argued Morse in his brief where the ripening logic in Morse is clearly implied. Moreover, if Jones had been decided before briefing had concluded on appellant's motion for a summary reversal, it is very likely that a court would have granted summary reversal, at least on the first issue, finding that appellant did exhaust his administrative remedies because his prematurely filed district court complaint ripened-on-review. Also, appellant cited four MSPB presidential cases in his opening brief, Wooten, Juntz, Sinma, and Morales, where the board interpreted a statute where there is no ripening language nor any regulation on the statute permitting ripening in the same manner as the Federal Circuit did in Jones to hold that a prematurely filed MSPB appeal ripened-on-review. With respect to the second issue, this court should find that a district court erred when it dismissed appellant's discriminatory removal claims on the basis of gender, age, and race because the district court failed to consider the specific facts and circumstances of appellant's case, the board's regulations regarding adding claims, and appellant's judicial estoppel claim. Further, the Federal Circuit's recent decision in Cahill is dispositive in appellant's favor on this issue. The specific facts... I don't think anything in the Federal Circuit is dispositive in this court. I mean, it might be persuasive, but it's not. You're not in the Federal Circuit. You're in the D.C. Circuit. So that's not dispositive. Yes, Your Honor. Well, highly persuasive. The specific facts and circumstances of appellant's case clearly show that if the MSPB was not only considering jurisdictional arguments before issuing its initial decision, that appellant would have amended his MSPB appeal to include his allegations of discriminatory removal. Appellant's December 21, 2012 letter, which is A62 in appellant's appendix, to the FBI's EO office and his district court complaint are clear and convincing. So it seems to me... I want to go back to your first argument about ripening on review. If we disagreed with you about ripening on review, and we have no... We haven't adopted that view yet in our court. Other courts have. Federal Circuit has. We haven't. But if we disagree with you on ripening on review, your case fails, right? Yes, Your Honor. It fails. Thank you for your candor. With respect to the second issue, there are clear and convincing evidence that appellant's non-fillist allegations that he would have amended his MSPB appeal to include discriminatory removal. Fifteen days after the MSPB issued its initial decision dismissing appellant's appeal for lack of jurisdiction, appellant sent the December 21, 2012 letter to the FBI EO office requesting appellant's termination be added to his current EEO investigation. And less than 30 days after the MSPB's initial decision, appellant filed his district court complaint alleging wrongful termination on retaliation and gender discrimination. Importantly, the Board's regulations allow for appeals to be amended at any time before the end of Congress is held to define the issues in an appeal. That's under 1201.24b. It is undisputed that there were no conferences held in appellant's mixed-case MSPB appeal. And it is undisputed that the Board was only considering jurisdictional arguments in appellant's appeal before it was dismissed for lack of jurisdiction. The district court's decision failed to consider 1201.24b but somehow still considered other Board regulations in its opinion that it deemed relevant to its decision. Further, the Federal Circuit in Cahill reiterated the importance of an appellant being afforded the opportunity to amend his complaint especially where the amended complaint would defeat a motion to dismiss or a motion for summary judgment. The specific facts and circumstances of appellant's case clearly show that he would have amended his MSPB complaint to include discriminatory removal if the Board was not only considering jurisdiction before it issued both its initial and final decisions. In accordance with Cahill, appellant's amended complaint would have defeated any motion to dismiss or for summary judgment for failure to exhaust. Also, appellant argued Cahill in his opening brief and appellees failed to oppose Cahill or even consider Cahill in its brief. Accordingly, appellees conceded that Cahill controls or is highly persuasive and appellees' argument that a district court did not err in dismissing appellant's discriminatory removal claims fails. Moreover, because appellees conceded Morris with the first issue and conceded Cahill with the second issue, appellees' entire argument fails and appellant's motion for summary reversal should have been granted. Also, the district court erred when it failed to consider appellant's judicial estoppel argument. Appellant's judicial estoppel argument is further evidence of appellant's undisputed, diligent efforts to have his discriminatory removal claims heard and he was unlawfully blocked by appellees because the district court failed to consider, much less enforce, judicial estoppel against appellees. The specific facts and circumstances of appellant's case overwhelmingly show that appellant would have amended his mixed-case appeal to include discriminatory removal. Unless there are no more questions, I'd like to reserve the remainder of my time. All right. Thank you. Counsel Platt, please. Good morning, Your Honor. Damon Tate for the United States. Our view is that the district court's analysis was correct and I'm prepared to defend everything we said in our brief and to respond to the cases that Mr. Jones cited, but... Mr. Jones has teed it up for you, right, on the ripening for review. I... Would you address that issue? I will, absolutely. And I hate dodging questions from the bench. I'm not. But there's something I just have to raise first because it's a more fundamental issue that frankly only occurred to us when we were preparing for oral argument, which is that I think there's a simpler way to get through this case that doesn't even require addressing the ripening or the exhaustion arguments, which is that under this court's decision in Perry in July, which I think, Your Honor, was actually on that panel, the district court did not have jurisdiction here, which derivatively means, I think, this court doesn't as well. Candidly, that's not a point we made below and there's a reason why. With the court's indulgence, I can explain how it got to this point. From 1998 through 2012, this court's decision in Powell said, black and white, that when the MSPB dismisses on jurisdictional grounds that review lies in the federal circuit and not in district court. And that's because the only way... WSC 7703 says that appeals from MSP decisions go to the federal circuit except if they're a mixed case. And a mixed case means something that's within the MSPB's jurisdiction and a discrimination claim as well. And what Powell said is that if the MSPB concludes it doesn't have jurisdiction, then it's not a mixed case. You don't fall within the exception and you have to go to the federal circuit. And that was the settled law for 14 years until 2012. In 2012, the Supreme Court decided the Kleckner case. And in Kleckner, it said that procedural dismissals in the MSPB do go to the district court. And the analysis there could easily have been construed to encompass jurisdictional dismissals as well, which would have eviscerated Powell. And that was the law of the land when this case was argued in the district court. And in fact, in summary judgment briefing in the district court, the attorney who was for the government at the time argued that the district court had jurisdiction because of Kleckner. Right. And if Perry points out anything, it's how complex this area of law was as to where you should be and what you should do. And that's part of, it seems to me, the situation in which Appellant finds him. So the question in my mind is, what's to be done? Perry clarifies the law. We know Powell is good law, but we have this interim period. So this recitation sort of underscores Appellant's arguments. He made his best estimates, and he would have done all the technical things that people say he should have done. And we should have some leeway here in these harsh rules of dismissal. I'm happy to talk about the allegedly harsh rules. Well, don't you agree with me? I mean, Perry tried to clear up a very difficult situation in terms of which court you should go to for what. Perry cleared it up. I have two responses. The first is that Powell never went away. This Court never overruled Powell. Powell was technically still a precedent at the time this case is before the district court. Well, and you can't ignore the Supreme Court's interim decision. That's what you said, and that's what Perry was trying to clear up. So given that sort of situation, which rule applies to Appellant's case, and does it make any difference to the outcome? Well, I think what Perry said was that Powell remains good law, and if the district court didn't have jurisdiction, the district court's jurisdiction has never changed here. The statutes have never changed, and this Court never overruled Powell. In fact, it affirmed it in Perry, and so if the district court never had jurisdiction, then respectfully this Court doesn't either, and so the district court, although it was not alerted to this problem because the government misconstrued the import of Kleckner, I think this Court has to affirm the district court's dismissal here, regardless of whether things are confusing or not, and I'll turn to that now, but in the government's view, whether the law is confusing, and perhaps it is, but if jurisdiction doesn't lie, then I think that's the beginning and the end of it. All I'm trying to get at is Perry left the notion that the case could be transferred,  We can talk about whether it's blocked, but there would be no point in transferring here because he already did go to the Federal Circuit on exactly what this Court otherwise would transfer to the Federal Circuit. That's my point. Fair enough. But this case is still pending before the Federal Circuit, in fact. The Federal Circuit just heard the latest iteration of Mr. Jones' appeal on November 7th, so this case is still percolating in the Federal Circuit. It has said on any number of occasions that it didn't have jurisdiction, but Mr. Jones has not allowed it to reach finality on that point. But what is clear, and again, I'm happy to submit a supplemental briefing on this, I think under Perry the district court didn't have jurisdiction, and that cuts through a lot of what would otherwise admittedly be complexity in this case. But turning to the complexity that Judge Rogers alluded to, conceding, it's a difficult area of law. But one thing that is true here that is not true in some cases that come before this circuit is that here the agency provided Mr. Jones with clear instructions at every step of the way. The only reason this case is here, and the only reason we've gotten into this administrative tangle is because Mr. Jones and his former attorney actively disregarded the clear instructions and the correct instructions that the agency gave. In its termination letter, which is Government Appendix 22, it said that because you're a probationary employee, you have no appeal rights to the MSPB. If Mr. Jones and his attorney had simply said, thank you for the advice, we will instead go to the EEO, he would have been able to reach the merits of his claim in a straightforward manner. But he thought the government was wrong on that. Well, he's welcome to advance that case, and he has, but the fact that he chose to do that in contravention of what the Federal Circuit has found was correct advice is not the agency's fault. It's complexity of plaintiff's own making. So that was the first sort of misstep. There was another one, which is all of the... So just hypothetically, what should he have done? Should he have filed in both courts? I think so. Well, I mean, in our view, what he should have done is the correct answer, which is follow the EEO. Follow the agency's advice, but if you don't agree with the premise of the agency's advice and you want to challenge that, then he should have filed in both courts? I don't think you can file in both, actually. I changed my last answer because this first filed rule is out there. But there's a safety valve that ensures that that ultimately won't redound to anyone's harm, which is that... And this, I'll try to explain it as best I can, but there's actually a District of Maryland case that sets forth what I'm about to say very clearly. That's LaGuerra at 2016 Westlaw 3455-373. We didn't cite it, and it's not precedential, but it does... 3-4 what? 3-455-373. But I cite it just because it's very clear on this point. The way this structure works is you have to... The first one you file binds the election. There's a regulation on that point, 29 CFR 1614-302B says you have to file in the EEO or the MSPB, but not both. If he really wanted to argue, as apparently he did, that he was veterans preference eligible and was not a probationary employee, then he had to take that to the MSPB, which he did. If the MSPB then dismisses on jurisdictional grounds, which it did, it gave him correct instructions at that point, which is you have two options. You can appeal to the full board, or you can appeal to the federal circuit. He did the full board, said the initial decision was correct, no jurisdiction. Then he went to the federal circuit, which said the same thing. The only complication is that that hasn't been allowed to reach finality yet because he keeps filing and seeking reconsideration. So that is still percolating in the federal circuit. Now, eventually, one of two things will happen. He will just lose at the end of the day in the federal circuit, and the conclusion in the federal circuit will be that the MSPB did not have jurisdiction, in which case there's a regulation that is 16.14- or .302B that says when the MSPB dismisses on jurisdictional grounds and that reaches finality, then the EEO will provide the plaintiff with notice of his ability to contact an EEO counselor and proceed as if he had filed in the EEO in the first instance. He has 45 days in which to contact an EEO counselor, and the date that he contacts the EEO counselor is deemed to relate all the way back to when he first filed before the MSPB. So the answer to Your Honor's question is there's a safety valve here that ensures that if you do follow your rights to the MSPB, once that system works itself out, which it still hasn't here, then you're not precluded from going the EEO route. So you can choose whichever form you want to. You can go with the EEO, which the agency has said he should have done, or he can do what he has. Your answer, and maybe you don't understand it, you should have waited 101 days and then gone to district court, right? It wouldn't have mattered, because the district court still wouldn't have had jurisdiction. Because you only get to the district court through the MSPB if it's a mixed case. So if there is no jurisdiction in the MSPB, by definition it cannot be a mixed case, because a mixed case is discrimination on the one hand and something in the MSPB's jurisdiction on the other hand. So there are all of these safety valves out there. It's a complicated situation, but he's gotten good and accurate advice at every step along the way. The system has been complicated, and needlessly so, because the plaintiff has not elected to follow that advice. He had every right not to do so, but that's why we're here. Nothing is barred at the end of the day, but the easy way to get through this is that this court doesn't have jurisdiction, neither did the district court, and the system can work itself out that way. The administrative exhaustion analysis was correct. But at the end of the day, this is actually a case where the agency did everything right.  that can occasionally frustrate people's rights, this is one of those cases where actually the system worked as it should, and for all those reasons, absent any other questions, we ask that the court affirm. Thank you. All right, Mr. Jones? Several corrections, Your Honor, and I hope I can get through them all in two minutes. First, appellees failed to acknowledge that the district court determined that an appellee's motion to dismiss was untimely, as it was submitted 22 months after appellant filed district court complaint, and just shy of one year after MSPB's final decision. So it's certainly perplexing that appellees can state that they have done everything correctly. Appellees also failed to acknowledge that the parties were engaged in discovery for more than 15 months, from June 2013 to October 2014. Also, the district court itself stated that if Jones had only waited, if appellant had only waited 120 days instead of 106 days, that his appeal would have ripened, that he would have been compliant with 7702E1B. And as appellees mentioned, their Powell and Perry argument is brand new. Appellees' brief... Actually, appellant requested an extension to discuss and further brief Perry and Powell, and appellees only noted in a footnote, footnote 6, and said that appellant was wrong in his discussion, and now spent the entire 10 minutes of its argument talking about Perry and Powell and somehow failed to acknowledge Morris, failed to acknowledge Cahill, and failed to acknowledge Jones. Jones' appellant reasonably believed that he had a mixed-case MSPB appeal. He reasonably believes that he is not a probationary employee. That is not an issue before this court, and certainly the federal circuit believes that there is some merit to appellant's arguments when it is still considering appellant's arguments on that matter. The district court's decision threatens the due process rights of all federal executive employees with a mixed-case appeal before the board. In accordance with Morris, exhaustion is satisfied when a mixed-case appeal is actively pending before the board for 120 days. A ruling contrary to Morris would create significant uncertainty regarding the application of the 120-day rule and would be contrary to Jones. Thank you. Thank you. We'll take your appeal under advisement.
judges: Rogers, Brown, Griffith